Cite as 2022 Ark. App. 30

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. E–21-195

| | |
|---|---|
| DANA BREHM<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br>APPELLEE | **Opinion Delivered** January 26, 2022<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br><br>[NO. 2021-BR-00444]<br><br><br><br>REMANDED |

## RAYMOND R. ABRAMSON, Judge

Dana Brehm appeals the Arkansas Board of Review's (the Board's) denial of unemployment benefits for the weeks ending April 4 through June 20, 2020. The Board denied Brehm permission to backdate her claim upon finding that Brehm had not shown good cause for her delay in filing. We remand.

Brehm testified[1] before the Appeal Tribunal that she filed for regular state unemployment benefits in December 2019 and that she exhausted those benefits in April 2020. She stated that when she exhausted the regular unemployment benefits, "the unemployment line" told her to apply for Pandemic Unemployment Assistance (PUA). She stated that she applied for PUA, but she did not receive a decision. She testified that she called weekly to check its status. An unemployment-office worker eventually informed her

---

[1]On Brehm's request, her husband testified on her behalf.

that she needed to apply for Pandemic Emergency Unemployment Compensation (PEUC), not PUA. Brehm testified that the unemployment-office worker also informed her that "at the time, they didn't have the PEUC set up yet, and so [they] told everybody to apply for the PUA, even though that's not what they were supposed to do. They were supposed to continue filing and wait for the PEUC to set up." Brehm stated that after she applied for PEUC, she received those benefits; however, she complained that because she did not receive benefits in the summer of 2020, she was ineligible for a weekly $600 federal bonus. She stated that the $600 federal bonus ended by the time she started receiving PEUC benefits.

The Appeal Tribunal denied Brehm's request to backdate her claim, finding that she had not shown good cause for her delay in filing. Brehm appealed the decision to the Board. The Board affirmed the Appeal Tribunal's finding that Brehm had not shown good cause. The Board stated,

> [Brehm] contended that she should be allowed to backdate her continued claims for the weeks she did not receive benefits because she was told to file a PUA claim. However, [Brehm] was obligated to continue filing claims for the regular claim, and she did not do so. [Brehm's] decision to pursue PUA benefits did not negate her responsibility in filing continued claims for regular benefits.

An insured worker shall be eligible to receive benefits with respect to any week only if the director of the Department of Workforce Services finds that the worker has made a claim for benefits with respect to such week in accordance with such regulations as the director may prescribe. Ark. Code Ann. § 11-10-507(1) (Supp. 2021). Arkansas Administrative Code 003.20.2-14(b) requires that continued claims be filed "not later than the seventh day following the last day of the calendar week for which benefits are claimed."

003.20.2-14(b)(F) Ark. Admin. Code (WL current through Nov. 15, 2021). If it is determined by the Department that a delay in the filing of any claim was due to good cause, it may be considered to have been filed on a date no earlier than fourteen days prior to the date the claim was received. 003.20.2-14(b)(G) Ark. Admin. Code. However, "the Director at his discretion may waive the restrictions in this Paragraph (G) if he finds that extraordinary circumstances exist and equity and justice require such waiver." *Id.* All such waivers shall be reported to the Employment Security Department Advisory Council. *Id.*

In this case, we conclude that the current findings of the Board do not adequately support its decision, and we are unable to review the decision at this time. The Board found that Brehm had not shown good cause for backdating because she was obligated to continue filing for "regular benefits" despite receiving erroneous instructions from the Department. However, the Board's decision fails to inform this court why erroneous instructions from the Department do not constitute good cause for Brehm's request to backdate. Further, Brehm argues that to qualify for other pandemic benefits, she must backdate her claim for PEUC benefits, and the Board's decision does not provide us with the regulation or procedure concerning any pandemic benefits. When an administrative agency fails to make a finding on a pertinent issue, we do not decide the question in the first instance but instead remand for a ruling. *See Harris v. Dir.*, 2014 Ark. App. 163 (remanding to the Board for further findings because the Board did not provide this court with the Department's regulation or procedure concerning emergency unemployment compensation). Accordingly, we remand to the Board for further findings.

Remanded.

B<small>ARRETT</small> and B<small>ROWN</small>, JJ., agree.

*Dana Brehm*, pro se appellant.

*Cynthia L. Uhrynowycz*, Associate General Counsel, for appellee.